Steven N. Davi
FARRELL FRITZ, P.C.
1320 RXR Plaza
Uniondale, New York  11566-1320

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

– – – – – – – – – – – – – – – – – – – – – – – – – – – X

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., : | Civil Action No. 1:16-cv-05965 (WFK) (LB) |
| Plaintiff, : | |
| -against- : | **ANSWER TO COMPLAINT** |
| TWIST AND SMASH'D SPORTS LLC d/b/a TWIST AND SMASH'D SPORTS, ROBERT CANO, KEN ROMANISZYN, DOMENICO SCIALFA, VINCENZO AMATO, : | |
| Defendants. : | |

– – – – – – – – – – – – – – – – – – – – – – – – – – – x

Defendants Twist and Smash'd Sports LLC d/b/a Twist and Smash'd Sports ("T&S"), Robert Cano ("Cano"), Ken Romaniszyn ("Romaniszyn"), Domenico Scialfa ("Scialfa"), and Vincenzo Amato ("Amato;" together with T&S, Cano, Romaniszyn and Scialfa, "Defendants"), by their attorneys, Farrell Fritz, P.C., as and for their Answer to the Complaint, allege as follows:

**THE PARTIES**

1. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "1" of the Complaint.

2. Deny the allegations in paragraph "2" of the Complaint, except admit T&S is an entity conducting business in the State of New York and operates an establishment known as Twist and Smash'd Sports at 34-02 Steinway Street, Astoria, New York.

3.      Deny the allegations in paragraph "3" of the Complaint, except admit Cano resides in the State of New York and is a principal and member of T&S.

4.      Deny the allegations in paragraph "4" of the Complaint, except admit Romanisyzn resides in the State of New York and is a member of T&S.

5.      Deny the allegations in paragraph "5" of the Complaint, except admit Scialfa resides in the State of New York and is a member of T&S.

6.      Deny the allegations in paragraph "6" of the Complaint, except admit Amato resides in the State of New York and is a member of T&S.

## JURISDICTION AND VENUE

7.      State that paragraph "7" of the Complaint contains a legal statement requiring neither an admission nor denial.  To the extent a responsive pleading is required, however, Defendants deny the allegations in paragraph "7" of the Complaint.

8.      State that paragraph "8" of the Complaint contains a legal statement requiring neither an admission nor denial.  To the extent a responsive pleading is required, however, Defendants deny the allegations in paragraph "8" of the Complaint.

## FACTS

9.      Repeat their responses to paragraphs "1" through "8" of the Complaint.

10.      Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "10" of the Complaint.

11.      Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "11" of the Complaint, except refer to the referenced "contract" for a complete and accurate statement of its contents.

12.    Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "12" of the Complaint, except refer to the referenced "agreements" for a complete and accurate statement of their contents.

13.    Deny the allegations in paragraph "13" of the Complaint.

14.    Deny the allegations in paragraph "14" of the Complaint.

15.    Deny the allegations in paragraph "15" of the Complaint.

16.    Deny the allegations in paragraph "16" of the Complaint.

17.    Deny the allegations in paragraph "17" of the Complaint.

## SATELLITE PIRACY/CABLE PIRACY

18.    Repeat their responses to paragraphs "1" through "17" of the Complaint.

19.    Deny the allegations in paragraph "19" of the Complaint.

20.    Deny the allegations in paragraph "20" of the Complaint.

21.    Deny the allegations in paragraph "21" of the Complaint.

22.    Deny the allegations in the WHEREFORE clause and specifically deny that Plaintiff is entitled to any of the relief sought therein, or to any other relief.

23.    Object to a trial by jury with respect to any and all issues as to which a jury is not permitted as of right as a matter of law.

24.    Deny each and every other allegation to which a response is required that is not otherwise responded to above.

## FIRST AFFIRMATIVE DEFENSE

25.    Plaintiff's Complaint fails to state a claim upon which relief may granted, and should be dismissed.

3

## SECOND AFFIRMATIVE DEFENSE

26.     Plaintiff's Complaint is barred in whole or in part because Defendants have not breached any duty to Plaintiff, and have performed all material obligations, if any, to Plaintiff, imposed by operation of law or contract.

## THIRD AFFIRMATIVE DEFENSE

27.     Plaintiff is barred from maintaining its Complaint based upon the doctrines of laches, waiver, estoppel, unclean hands, ratification, and/or release.

## FOURTH AFFIRMATIVE DEFENSE

28.     Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce any damages it claims to have sustained.

## FIFTH AFFIRMATIVE DEFENSE

29.     All of the damages allegedly suffered by Plaintiff were caused by the acts and conduct of Plaintiff and/or other parties over whom Defendants had no control, which acts and conduct intervened between Defendants' alleged acts and conduct and Plaintiff's alleged damages, thereby barring Plaintiff from any recovery from Defendants.

## SIXTH AFFIRMATIVE DEFENSE

30.     Plaintiff's Complaint is barred because the alleged wrongdoing of Defendants was not a substantial factor in causing the alleged injury to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

31.     Any agreement that Plaintiff claims to have existed between or among the parties hereto was void, modified and/or breached in whole or in part as a result of the actions of Plaintiff.  Defendants did not breach any such purported agreement(s).

4

## EIGHTH AFFIRMATIVE DEFENSE

32.     Defendants reserve the right to amend and/or supplement this Answer and to assert additional affirmative defenses, as appropriate as discovery proceeds in this case.

## NINTH AFFIRMATIVE DEFENSE

33.     In asserting the above Affirmative Defenses, Defendants do not admit, and such Affirmative Defenses should not be construed to imply, that Defendants bear the burden of persuasion with respect to the assertions contained therein.

**WHEREFORE**, Defendants demand judgment against Plaintiff as follows:

a.  dismissing the Complaint, with prejudice;

b.  awarding Defendants their costs and expenses of the proceeding, including reasonable attorney's fees; and

c.  granting Defendants such other and further relief as the Court deems just and proper.

Dated: Uniondale, New York
        January 11, 2017

FARRELL FRITZ, P.C.


By:    /s/ Steven N. Davi
        Steven N. Davi
        *Attorneys for Defendants*
        1320 RXR Plaza
        Uniondale, New York  11566-1320
        Tel: 516-227-0700
        Fax: 516-336-2235
        sdavi@farrellfritz.com

TO:    Jon D. Jekielek
        JEKIELEK & JANIS LLP
        153 W. 27th St., Suite 204
        New York, NY 10001
        Tel.: 212-686-7008
        Fax: 646-657-3265
        jon@jj-lawyers.com

5

FF\6189233.1