**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JOE HAND PROMOTIONS, INC.,

        Plaintiff,

      - against -              CASE NO.: 1:16-cv-05965-WFK-LB

TWIST AND SMASH'D SPORTS LLC,
et al.,

        Defendants.

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'**
**AFFIRMATIVE DEFENSES AND ATTORNEY'S FEE REQUEST**

Plaintiff, Joe Hand Promotions, Inc. ("Plaintiff"), respectfully submits this Motion in support for an Order, pursuant to Federal Rule of Civil Procedure 12(f), striking affirmative defenses and request for attorney's fees included in the Answer of Defendants Twist and Smash'd Sports LLC d/b/a Twist and Smash'd Sports, Robert Cano, Ken Romaniszyn, Domenico Scialfa, and Vincenzo Amato (collectively "Defendants") filed on January 11, 2017. Plaintiff further requests it be awarded attorneys' fees and costs in preparing this Motion and such other relief as this court deems just and proper. Plaintiff does not request a hearing.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' AFFIRMATIVE DEFENSES ATTORNEY'S FEE REQUEST**

## I.   PRELIMINARY STATEMENT

In a relatively simple case involving a strict liability federal statute, Defendants have set forth nine (9) purported affirmative defenses.  The first seven (7) of Defendants' affirmative defenses are legally insufficient and provide no factual support of any kind.  Despite the undersigned's efforts to resolve this issue with Defendants' counsel, Defendants declined to withdraw and/or amend these affirmative defenses.  Further, Defendants failed to provide factual or legal authority to support their affirmative defenses.  Therefore, Plaintiff is compelled to bring this motion to expunge from the litigation Defendants' irrelevant and immaterial defenses.

## II.   FACTS

Joe Hand Promotions, Inc. (hereinafter "Plaintiff") was granted exclusive nationwide commercial distribution rights to the *Ultimate Fighting Championship® 188: Velasquez v. Werdum* broadcast, scheduled for June 13, 2015, (the "Event").  *See* Doc. 1, ¶ 11.  Pursuant to the contract granting Plaintiff distribution rights to the Event, Plaintiff entered into sub-licensing agreements with various commercial establishments to permit the public exhibition of the Event. *See* Doc. 1, ¶ 12.

Plaintiff alleges that without its authorization, Defendants unlawfully intercepted and exhibited the Event at the commercial establishment known as Twist and Smash'd Sports located at 34-02 Steinway Street, Long Island City, NY 11101 (hereinafter "Establishment").  *See* Doc. 1 ¶¶ 13-16.  As a result of these unlawful actions, Plaintiff brought causes of action against Defendants for violations of 47 U.S.C. §§ 553 and 605.  *See* Doc. 1 ¶¶ 19-21.

On January 11, 2017, Defendants filed an Answer including nine (9) purported affirmative defenses.  *See* Doc. 12.  On January 25, 2017, Plaintiff's counsel sent a detailed e-mail to

Defendants' counsel informing him of the pleading deficiencies of the affirmative defenses and requesting Defendants withdraw and/or amend those affirmative defenses by January 27, 2017 at 5:00 PM EST, otherwise Plaintiff would be forced to file a motion to strike. *See* Declaration of Jon D. Jekielek, Exhibit A. As of this filing, Defendants have not withdrawn or amended any affirmative defenses. Plaintiff now brings this Motion to Strike Defendants' Affirmative Defenses.

### III.    LEGAL ARGUMENT

#### A.  Defendants' Affirmative Defenses are Legally Insufficient and should be Stricken.

The Court has discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 8(c) states that "in responding to a pleading, a party must affirmatively state any avoidance or affirmative defenses . . . " Fed. R. Civ. P. 8(c). "To prevail on a motion to strike, the moving party must satisfy each element of the following three-part test: First, there may be no question of fact which might allow the defense to succeed.... Second, there may be no substantial question of law, a resolution of which could allow the defense to succeed.... Third, plaintiff must show that it is prejudiced by the inclusion of the defense." *Cty. Vanlines Inc. v. Experian Info. Sols., Inc.*, 205 F.R.D. 148, 153 (S.D.N.Y. 2002) (citing *S.E.C. v. Toomey*, 866 F. Supp. 719, 722 (S.D.N.Y. 1992); *see also Walters v. Performant Recovery, Inc.*, 124 F. Supp. 3d 75, 78 (D. Conn. 2015).

Further, the Second Circuit has ruled that "affirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy." *Shechter v. Comptroller of New York*, 79 F.3d 265, 270 (2d Cir. 1996). In *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010), it was recognized that "courts in this district have explained, conclusory assertions, absent any supporting factual allegations are insufficient as a matter of law and fail to provide a plaintiff with any notice as to how the defense applies to the

3

plaintiff's claims. *See e.g., Obabueki v. Int'l Bus. Machs. Corp.,* 145 F. Supp. 2d 371, 401 (S.D.N.Y. 2001) (striking unclean hands defense explaining that pleading the words "unclean hands" without more offered the plaintiff no indication about how the doctrine would bar his claims)."

Even under lax notice pleading standards, an "affirmative defense must include either direct or inferential allegations as to all elements of the defense asserted." *Reis Robotics USA, Inc. v. Concept Industries, Inc.*, 462 F. Supp. 2d 897, 904 (N.D. Ill. 2006).

### 1. Defenses that are Bald, Boilerplate Assertions Devoid of Factual Support or Provide No Notice should be Stricken.

Defendants' first seven (7) affirmative defenses are bald, boilerplate assertions of legal doctrine, that are devoid of factual support and/or provide no notice:

- **First Affirmative Defense[1]:** Plaintiff's Complaint fails to state a claim upon which relief may [be] granted, and should be dismissed.

- **Second Affirmative Defense:** Plaintiff's Complaint is barred in whole or in part because Defendants have not breached any duty to Plaintiff, and have performed all material obligations, if any, to Plaintiff, imposed by operation of law or contract.

- **Third Affirmative Defense:** Plaintiff is barred from maintaining its Complaint based upon the doctrines of laches, waiver, estoppel, unclean hands, ratification, and/or release.

- **Fourth Affirmative Defense:** Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce any damages it claims to have sustained.

- **Fifth Affirmative Defense:** All of the damages allegedly suffered by Plaintiff were caused by the acts and the conduct of Plaintiff and/or other parties over whom Defendants had no control, which acts and conduct intervened between Defendants' alleged acts and conduct and Plaintiff's alleged damages, thereby barring Plaintiff from any recovery from Defendants.

---

[1]    This does not constitute an affirmative defense and courts have stricken it when listed as such. *See, e.g., Odyssey Imaging, LLC v. Cardiology Assocs. of Johnston, LLC*, 752 F. Supp. 2d 721, 727 (W.D. Va. 2010).

4

- **Sixth Affirmative Defense:** Plaintiff's Complaint is barred because the alleged wrongdoing of Defendants was not a substantial factor in causing the alleged injury to Plaintiff.

- **Seventh Affirmative Defense:** Any agreement that Plaintiff claims to have existed between or among the parties hereto was void, modified and/or breached in whole or in part as a result of the actions of Plaintiff. Defendants did not breach any such purported agreement(s).

These seven (7) affirmative defenses should be stricken because Defendants failed to provide any facts to buttress these insufficient affirmative defenses. Courts have rightfully recognized that, "it is unacceptable for a party's attorney simply to mouth [affirmative defenses] in formula-like fashion ('laches,' 'estoppel,' 'statute of limitations' or what have you), for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense-which after all is the goal of notice pleading." *Reis Robotics USA, Inc.*, 462 F. Supp. 2d at 907; *see also J&J Sports Prods., Inc. v. Cindy's Gone Hog Wild*, No. A-11-CA-127-SS, 2011 U.S. Dist. LEXIS 97501 at *2-3 (W.D. Tex. 2011) (striking all affirmative defenses because "defendants plead absolutely no information to show these events are plausible on their face"). Fair notice is a necessary component of affirmative defenses. *See Walters*, 124 F. Supp. 3d at 78-79 ("an affirmative defense must give the plaintiff fair notice of the nature of the defense"). Courts have also held that affirmative defenses must be "contextually comprehensible" and cannot "force the plaintiff to incur undue expense to discover the secrets of a contextually incomprehensible affirmative defense." *Odyssey Imaging v. Cardiology Assocs. of Johnston*, 752 F. Supp. 2d 721, 725-26 (W.D. Va. 2010).

These seven (7) of Defendants' affirmative defenses are the kind of bald, "bare bones" conclusory allegations and/or boilerplate declarations of legal doctrine that are universally frowned upon by district courts; accordingly, they should be stricken.

## 2.   Defenses that have no Possible Relation to the Controversy should be Stricken.

Plaintiff contends that Defendants' first seven (7) affirmative defenses lack any connection to the instant matter and should be stricken.  The insufficiency of Defendants' affirmative defenses is clearly apparent, as there is no legitimate basis to assert these defenses; therefore, they should be stricken.  *See Coach, Inc.*, 756 F. Supp. 2d at 425-26.  Moreover, because these defenses have no possible relationship to this dispute, they only serve to confuse the issues here and will prejudice the Plaintiff through the needless expenditure of resources related to the litigation of these defenses.  *See id.*; *see also La. Sulphur Carriers, Inc. v. Gulf Resources & Chemical Corp.,* 53 F.R.D. 458, 460 (D. Del. 1971) (striking affirmative defense as prejudicial to plaintiff where defense would "substantially complicate the discovery proceedings and the issues at trial").  Further, Defendants should not use affirmative defenses as a means to undertake a fishing expedition to discover facts to support claims they are presently incapable of articulating. *See SEC v. Rosenfeld*, 1997 WL 400131, at *2 (S.D.N.Y. July 16, 1997) ("defendant will not be permitted to use the affirmative defense to engage in a 'fishing expedition' to discover any potential prejudice"); *SEC v. Musella*, 1983 WL 1297, at *3 (S.D.N.Y. Apr. 4, 1983) (rejecting defendants' affirmative defense and discovery requests as "some sort of fishing expedition").

Defendants' Second, Fifth and Sixth Affirmative Defenses pertain to negligence claims and should be stricken.  Plaintiff's Complaint contains no allegations of negligence on the part of the Defendants and thus contributory or comparative negligence, intervening act, and substantial factor defenses have no place in this litigation.  Defendants' Fourth Affirmative Defense pertains to mitigation of damages and should be stricken.  Plaintiff's claims are based on two strict liability sections of the Communications Act where statutory damages are available and awarded because actual damages are difficult to quantify.  Plaintiff was under no duty to mitigate damages and thus

6

a mitigation of damages defense has no place in this litigation.

While Plaintiff has specifically analyzed four of Defendants' facially frivolous affirmative defenses in this section, Plaintiff contends that all of Defendants' first seven (7) lack any connection to the instant matter and should be stricken. None of these seven (7) affirmative defenses advanced by Defendants relate in any way to the strict liability Communications Act counts alleged by Plaintiff. Additionally, Defendants fail to show how and/or why any of these affirmative defenses are related to this case; therefore, all Defendants' first seven (7) affirmative defenses should be stricken.

**3. Defendants' Objectively Improper Affirmative Defenses will Protract and Complicate the Litigation and thereby Prejudice Plaintiff.**

Plaintiff will be severely prejudiced if Defendants' first seven (7) affirmative defenses are not stricken. Plaintiff has already been compelled to expend time and resources researching these insufficient and objectively improper affirmative defenses. Additionally, Plaintiff will have to allocate additional money and time conducting unnecessarily, costly and potentially irrelevant discovery if these affirmative defenses are not stricken. By their answer, Defendants attempt to require Plaintiff to "guess" as to the factual basis of its defenses, which will require Plaintiff to seek discovery on every possible factual scenario under the guise of all applicable statute and common law in an attempt to narrow the full scope allowed under these affirmative defenses. For example, if this Court allows Defendants to assert these insufficient, irrelevant affirmative defenses without basis, factual support or fair notice as required by law, Plaintiff will be required to conduct discovery on all possible factual scenarios of all applicable statute and common law in an attempt to narrow the full scope allowed under these affirmative defenses. This fountain of discovery will then overflow into the need for voluminous motions and other pleadings in connection with same. *See Kelley v. Thomas Solvent Co.*, 714 F. Supp. 1439, 1442 (W.D. Mich.

7

1989) (explaining that Courts strike frivolous affirmative defenses early on in an effort to streamline the ultimate resolution of a case and avoid the waste of time and money involved in litigating spurious issues).

Having to expend additional time, energy and money on irrelevant discovery "constitute[s] sufficient prejudice to warrant striking an affirmative defense." *Walters v. Performant Recovery, Inc.*, 124 F. Supp. 3d 75, 79 (D. Conn. 2015) (citing *Coach Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 426 (S.D.N.Y. 2010)); *E.E.O.C. v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 173 (E.D.N.Y. 2004) (permitting affirmative defenses that have no possibility of succeeding will prejudice the Plaintiff by "needlessly lengthening and complicating the discovery process and trial of this matter"). "A defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." *S.E.C. v. Elec. Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988), *aff'd*, 891 F.2d 457 (2d Cir. 1989). Accordingly, Defendants' affirmative defenses must be stricken to avoid severe prejudice to the Plaintiff.

### B. Defendants' Request for Attorney's Fees is Baseless and should be Stricken.

Defendants' request for attorney's fees is without legal basis and should be stricken. Under both Title 47 U.S.C. §§ 553 and 605, only an aggrieved party who prevails may recover for full costs including reasonable attorneys' fees. 47 U.S.C. § 553(c)(2)(C) ("the court may direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails"); 47 U.S.C. § 605(e)(3)(B)(iii) ("[t]he Court . . . shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails"). Under the Communications Act, aggrieved parties are limited to parties with proprietary rights in the intercepted communication. *See VJC Productions, Inc. v. Kydes*, 903 F. Supp. 42, 43-44 (S.D. Ga.

1995) ("Having authored a 'two-way street' fee-shifting statute in the past, 42 U.S.C. § 1988, Congress certainly knew how to enact the same component in 47 U.S.C. § 553(c)(2)(C) and § 605 (e)(3)(B)(iii) . . . .  By limiting these Cable Communications Policy Act fee-shifting statutes to an 'aggrieved' party, rather than a mere 'prevailing' party (under which a defendant may recover fees under 42 U.S.C. § 1988), Congress signaled its intention not to authorize fee awards for defendants in Cable Act cases.").  The specific wording chosen by Congress is significant.  Indeed "Congress' explicit decision to use one word over another in drafting a statute is material . . . .  It is a decision imbued with legal significance and should not be presumed to be random or devoid of meaning." *S.E.C. v. McCarthy*, 322 F.3d 650, 656 (9th Cir. 2003).

Here, Plaintiff is the only party with proprietary rights under 47 U.S.C. §§ 553 and 605 and is the only party that may recover attorney's fees.  Thus, Defendants' request for attorney's fees is unsubstantiated and should be stricken.

### C.  An Award of Attorneys' Fees to Plaintiff is Proper.

Plaintiff requests that it be awarded attorneys' fees and costs incurred in filing the instant motion.  Defendants filed its Answer including nine (9) affirmative defenses, seven (7) of which are insufficient and frivolous on its face for reasons that must have been apparent to Defense counsel.  In response, the undersigned reached out to Defendants' counsel regarding Defendants' affirmative defenses setting forth specifically the law and explaining why the affirmative defenses are improper.  *See* Declaration of Jon D. Jekielek, Exhibit A. Plaintiff contends that Defendants' submission of seven (7) objectively improper, immaterial and legally insufficient affirmative defenses, as well as Defendants' refusal to withdraw and/or amend those defenses without the intervention of the court, constitutes vexatious conduct making the imposition of reasonable attorneys' fees proper.

9

It is well recognized that federal courts "have inherent power to assess attorneys' fees." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). The inherent authority to assess fees as a sanction for frivolous or vexatious conduct has been complemented with additional powers codified in the Federal Rules. *See* Fed. R. Civ. P. 26(g) (sanctions relating to initial disclosures), Fed. R. Civ. P. 37(a)(5) (sanctions relating to motions to compel), and Fed. R. Civ. P. 11 (c) (sanctions relating to "every pleading, written motion and other paper" submitted to the court under signature). The threat of monetary sanctions for bad behavior is designed to prevent needless and costly motion practice and to mandate some bare minimum of intellectual honesty with respect to pleadings and arguments that counsel submit to the court.

Defendants' affirmative defenses are objectively improper and do not meet the requirements of Rule 8(c) of the Federal Rules of Civil Procedure. Plaintiff notified Defendants of the deficiencies of Defendants' affirmative defenses in Plaintiff's letter to defense counsel. This provided Defendants with a clear opportunity to withdraw the offending affirmative defenses without the need of costly motion practice. *See* Declaration of Jon D. Jekielek, Exhibit A. The instant motion, with its attendant expenses, is entirely the result of Defendants' decision to cling to numerous frivolous defenses with no possible application to the case at bar. Plaintiff's motion should not have been required, and an imposition of fees is proper.

## IV.    CONCLUSION

For the reasons discussed *supra* these seven (7) of Defendants' affirmative defenses should be stricken. Plaintiff, respectfully requests that this court grant Plaintiff's Motion to Strike Defendants' Affirmative Defenses and Attorney's Fees Request and award attorneys' fees and costs incurred by Plaintiff in preparing its motion and such other relief as may be just and proper.

Respectfully submitted,

Dated: February 1, 2017          By:   /s/ Jon D. Jekielek

Jon D. Jekielek
**JEKIELEK & JANIS LLP**
153 W. 27th St., Suite 204
New York, NY 10001
Tel.: 212-686-7008
Fax: 646-657-3265
jon@jj-lawyers.com

**ATTORNEYS FOR PLAINTIFF**

# CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February, 2017, the foregoing Plaintiff's Motion to Strike, Declaration of Jon D. Jekielek and Proposed Order was served as follows:

Via this Court's Electronic Filing System:

**STEVEN N. DAVI**
FARRELL FRITZ, P.C.
1320 RXR Plaza
Uniondale, NY 11556-1320
T: (516) 227-0700 ext. 612
F: (516) 336-2235
E: sdavi@farrellfritz.com

Attorneys for Defendants

Dated: February 1, 2017          BY: /s/ Jon D. Jekielek

Jon D. Jekielek
**JEKIELEK & JANIS LLP**
153 W. 27th St., Suite 204
New York, NY 10001
Tel.: 212-686-7008
Fax: 646-657-3265
jon@jj-lawyers.com

**ATTORNEYS FOR PLAINTIFF**