# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| |
|---|
| JOE HAND PROMOTIONS, INC., |
| Plaintiff, |
| - against - |
| TWIST AND SMASH'D SPORTS LLC, et al., |
| Defendants. |

CASE NO.: 1:16-cv-05965-WFK-LB

### DECLARATION OF JON D. JEKIELEK IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES AND ATTORNEY'S FEES REQUEST

Pursuant to 28 U.S.C. § 1746, I, Jon D. Jekielek, declare as follows:

1. I am a partner with the law firm Jekielek & Janis, LLP, counsel for Plaintiff, Joe Hand Promotions, Inc., and as such I am familiar with the facts, circumstances, and proceedings of the instant matter.

2. I submit this declaration in support of *Plaintiff's Motion to Strike Defendants' Affirmative Defenses and Attorney's Fees Request.*

3. On January 25, 2017, my office sent an e-mail to Steven N. Davi, counsel for Defendant. A true and correct copy of the letter is attached hereto as "Exhibit A(1)".

I declare under penalty of perjury under the laws of the United States, State of New York that the facts stated in this declaration are true and correct. Executed in New York, New York on February 1, 2017.

Respectfully submitted,

Dated: February 1, 2017

By:  /s/ Jon D. Jekielek

Jon D. Jekielek

**JEKIELEK & JANIS LLP**

153 W. 27th St., Suite 204

New York, NY 10001

Tel.: 212-686-7008

Fax: 646-657-3265

jon@jj-lawyers.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A(1)

Jekielek & Janis LLP Mail - Re: Joe Hand Promotions, Inc. v. Twist and Smash'd Sports LLC et al

# Gmail
by Google

Sara Brubaker <sara@jj-lawyers.com>

---

## Re: Joe Hand Promotions, Inc. v. Twist and Smash'd Sports LLC, et al

---

**Sara Brubaker** <sara@jj-lawyers.com>      Wed, Jan 25, 2017 at 12:48 PM
To: "Davi, Steven N." <sdavi@farrellfritz.com>, Jon Jekielek <jon@jj-lawyers.com>, Ryan Janis <ryan@jj-lawyers.com>,
Kenneth Ridge <kenneth@jj-lawyers.com>

Hello Mr. Davi,

Please see below e-mail from Attorney Jekielek and please confirm receipt. Thank you.


Mr. Davi:

As you are aware, this firm represents Joe Hand Promotions, Inc. in connection with the above referenced case.

We are in receipt of and have thoroughly reviewed your clients' Answer and "Affirmative Defenses" ("Defendants' Pleading"). Related to same, we are providing this "safe harbor" letter to you. Kindly allow this letter to serve as notice of our intent to seek to strike the insufficient purported "Affirmative Defenses" in the event that Defendants' Pleading is not sufficiently amended and frivolous affirmative defenses are removed.

With regard to Defendants' "Affirmative Defenses," as you may be aware, affirmative defenses are subject to the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and "affirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy." Shechter v. Comptroller of New York, 79 F.3d 265, 270 (2d Cir. 1996). Even under lax notice pleading standards, an "affirmative defense must include either direct or inferential allegations as to all elements of the defense asserted." Reis Robotics USA, Inc. v. Concept Industries, Inc., 462 F. Supp.2d 897, 904 (N.D. Ill. 2006). In Coach, Inc. v. Kmart Corps., 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010), it was recognized that "courts in this district have explained, conclusory assertions, absent any supporting factual allegations are insufficient as a matter of law and fail to provide a plaintiff with any notice as to how the defense applies to the plaintiff's claims. *See e.g., Obabueki v. Int'l Bus. Machs. Corp.,* 145 F. Supp. 2d 371, 401 (S.D.N.Y. 2001) (striking unclean hands defense explaining that pleading the words "unclean hands" without more offered the plaintiff no indication about how the doctrine would bar his claims)."

Courts have rightfully recognized that, "it is unacceptable for a party's attorney simply to mouth [affirmative defenses] in formula-like fashion ('laches,' 'estoppel,' 'statute of limitations' or what have you), for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense-which after all is the goal of notice pleading." Reis Robotics USA, Inc. v. Concept Industries, Inc., 462 F. Supp.2d 897, 907 (N.D. Ill. 2006). None of Defendants' "Affirmative Defenses" are buttressed by any factual support and they provide Plaintiff with no fair notice of the defense that is being advanced. All of Defendants' "Affirmative Defenses" are legally insufficient and the kind of defenses that are routinely stricken.


Further, any allegation seeking Defendants' attorney's fees must be withdrawn as there is no basis in law or fact to seek such relief. Under both Title 47 U.S.C. §§ 553 and 605, only an aggrieved party who prevails may recover for full costs including reasonable attorneys' fees. Defendants are outside the definition of "aggrieved party" and therefore have no justification for costs under 47 U.S.C. § 553(c)(2)(C) and § 605(e)(3)(B)(iii).


For the reasons discussed supra, in a good faith attempt to avoid motion practice, we request that you withdraw and/or amend the improper "Affirmative Defenses" and attorneys' fees request contained in Defendants' Pleading no later than **January 27, 2016 at 5:00 PM EST.** It is our hope that the improper "Affirmative Defenses" and attorneys' fees request are withdrawn and/or amended so to save time and expense in litigating this case. Indeed, it serves your clients' interests in that we are litigating under a strict liability statute with a one way fee-shifting provision.


The fact is, this is a very simple case. The Communications Act is a strict liability statute, and your clients violated it by exhibiting the programming at issue. An independent auditor present at the establishment during the Program witnessed the unauthorized exhibition and gathered evidence which forms the basis of Plaintiff's claim.

If your clients would like to continue to file frivolous pleadings that will only serve to drive up our attorneys' fees in litigating under mandatory fee shifting statute, that is their prerogative; but, we will have no choice but to continue responding to such pleadings accordingly. In that regard, please be advised that Plaintiff will seek full costs and attorneys' fees at a rate of $350.00/hour after favorable adjudication of this action.

If you have any questions or comments, please do not hesitate to contact me. We look forward to your timely response.

Very truly yours,

/s/ Jon D. Jekielek
Jon D. Jekielek, Esq.

Best regards,

Sara Brubaker

Paralegal to Ryan R. Janis

**JEKIELEK & JANIS LLP**
203 E. Pennsylvania Blvd.
Feasterville, PA 19053
P: 215-396-2727
F: 267-386-2167

www.jj-lawyers.com

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.